JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIE VELIZ, an individual,<br><br>                  Plaintiff,<br><br>    v.<br><br>AT&T MOBILITY SERVICES, LLC, et al.,<br><br>                  Defendants. | Case No.: 2:22-CV-00583-MEMF (JCx)<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 15]** |

      Before the Court is Plaintiff Dannie Veliz's Motion to Remand. ECF No. 15. On May 23, 2022, the Court deemed this matter appropriate for resolution without oral argument and vacated the hearing set for May 26, 2022. ECF No. 32; *see* C.D. CAL. L.R. 7-15. For the reasons stated herein, the Court GRANTS the Motion to Remand.

/ / /

/ / /

1

# BACKGROUND

## I. Factual Background[1]

Plaintiff Dannie Veliz ("Veliz") is, and at all times herein mentioned was, a resident of the County of Los Angeles, in the State of California. Veliz was employed by Defendant AT&T Mobility Services, LLC ("AT&T") from 2011 to July 1, 2020, as a retail sales consultant. ("Compl."), ECF No. 16-1 ¶ 2. AT&T is a Delaware limited liability company. *Id.* ¶ 3. Defendant Jose Delgadillo ("Delgadillo") was Veliz's store manager at AT&T. *Id.* ¶ 18. Delgadillo is a citizen of California. ("Mot."), ECF No. 15 at 4. Defendant Jennifer Acosta was Veliz's assistant store manager at AT&T. Compl. ¶ 19. Acosta is a citizen of California. Mot. at 4.

On or about March 16, 2020, Veliz sought medical treatment from his doctor related to his chronic asthma. Compl. ¶ 17. He was subsequently placed off work due to this underlying medical condition from March 19, 2020 to June 15, 2020. *Id.* Despite Veliz and his medical provider providing medical documentation, AT&T claimed Veliz's absence was unexcused since April 17, 2020, and demanded that he return to work on or before June 13, 2020. *Id.* ¶ 18. Veliz immediately called Delgadillo to confirm that AT&T had received all the medical documents related to his request for leave. *Id.* On June 17, 2020, Veliz's medical provider extended his leave to July 1, 2020. *Id.* ¶ 19.

On July 1, 2020, the day Veliz was cleared to return to work, AT&T terminated Veliz for failing to follow policy and procedure, relating to a January 2, 2020 incident, wherein AT&T accused Veliz of allowing a customer unauthorized access to an account. *Id.* However, Veliz maintains he received authorization from Acosta to access the account. *Id.*

## II. Procedural History

On February 25, 2022, Veliz filed this action in the Superior Court of California, County of Los Angeles, alleging causes of action for: (1) disability discrimination, CAL. GOV. CODE § 12940(a); (2) retaliation, CAL. GOV. CODE § 12945.2; (3) failure to prevent discrimination and retaliation in violation of Fair Employment and Housing Act ("FEHA"), CAL. GOV. CODE §

---

[1] All facts alleged herein are taken from Plaintiff Dannie Veliz's Complaint. ECF No. 16-1 ("Compl.").

12940(k); (4) wrongful termination in violation of public policy; (5) failure to provide meal periods, CAL. LAB. CODE §§ 226.17, 512; (6) failure to provide rest breaks, CAL. LAB. CODE §§ 226.17, 512; (7) failure to pay all wages, including overtime, CAL. LAB. CODE §§ 1194, 1194.2; (8) failure to pay all wages at the time of termination, CAL. LAB. CODE §§ 201–203; and (9) intentional infliction of emotional distress. *See generally* Compl. AT&T is named as a defendant for all causes of action; Delgadillo and Acosta are only named in the ninth cause of action for intentional infliction of emotional distress.[2] *See id.* AT&T was served on December 29, 2021, and filed its Answer on January 26, 2022. ("Notice of Removal"), ECF No. 2 at 2; *see also* ECF No. 16-2. There is no record that Delgadillo and Acosta have been served in the state court action.

On January 28, 2022, AT&T removed this action to federal court, citing diversity jurisdiction under 28 U.S.C. § 1441(a). Notice of Removal at 3. Veliz filed the instant Motion to Remand on February 25, 2022. ECF No. 15. The Motion was fully briefed on April 7, 2022. *See* ECF Nos. ("Opp'n"), 20, ("Reply"), 23.

### III. Legal Standard

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Civil actions may be removed from state court if the federal court has original jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33 (2002) ("Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction must lies in the federal courts.").

As a result, removal of a state action may be based on either diversity or federal question jurisdiction. *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions, Inc. v. Est.*

---

[2] In its Opposition, AT&T argues that Veliz cannot assert a cause of action for violation of Labor Code § 558 against Delgadillo. ("Opp'n"), ECF No. 20. However, Veliz's Complaint only asserts claims against AT&T, as it relates to his seventh cause of action, and does not contain any allegations against Delgadillo. Compl. ¶ 81–89. Accordingly, the Court need not address this argument.

*of Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). Courts resolve all ambiguities "in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). It is a well-established principle "that fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (collecting cases).

The defendant maintains the burden of showing by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Otherwise, "a federal court must find that a defendant was properly joined and remand the case to state court if there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Hunter*, 582 F.3d at 1046). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." *Grancare*, 889 F.3d at 548.

Furthermore, not much is required of a plaintiff seeking to overcome claims of sham joinder. "It is enough . . . that the cause of action purported to be stated against the . . . defendant was

apparently pleaded in good faith, and is not, prima facie, so glaringly and vitally defective as to be beyond correction by amendment." *Freeman v. Dowling*, 219 Cal. 213, 216 (1933) (internal citation and quotations omitted); *see also* 3-D Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial, ¶ 3:492.1 (2021).

### IV. Discussion

AT&T argues that individual Defendants Delgadillo and Acosta (collectively, the "Individual Defendants") should be ignored for the purposes of evaluating removal since Veliz has fraudulently joined them for the sole purpose of destroying diversity jurisdiction.[3] Notice of Removal at 4. Veliz insists that his Complaint sets forth a cause of action against the Individual Defendants supported by sufficient factual allegations. Mot. at 6. Furthermore, Veliz argues that even if the Court believes he has failed to state a claim, AT&T has not shown that he would not be afforded leave to amend his Complaint and address any purported deficiencies. *Id.*

#### A. Veliz Has Proffered a Colorable Claim for Intentional Infliction of Emotional Distress Against the Individual Defendants

In order to prevail on its theory that the Individual Defendants are named as "sham defendants," AT&T must demonstrate by "clear and convincing evidence" that Veliz cannot state a colorable claim against the Individual Defendants. *Hamilton Materials Inc.*, 494 F.3d at 1206. In his Complaint, Veliz asserts one cause of action for intentional infliction of emotional distress against the Individual Defendants. Compl. ¶¶ 95–104. AT&T argues that the Individual Defendants cannot be held liable for intentional infliction of emotional distress as a matter of law, as supervisors acting within the scope of their employment. Notice of Removal at 4. Veliz recognizes that while these types of claims are generally barred, an exception exists for claims, like his own, arising from unlawful discrimination or other misconduct that exceeds the normal risks of the employment relationship. Mot. at 6–7.

///

///

---

[3] While AT&T raises in its Opposition that the individual Defendants were not served in state court, AT&T points to no authority to suggest that failure to serve a defendant is a factor to be considered on remand.

i. <u>Veliz's Claims Are Not Preempted by the Worker's Compensation Act</u>

Under California law, workers' compensation provides the exclusive remedy for intentional infliction of emotional distress claims that arises within the scope of employment. *See* CAL. LAB. CODE § 3601(a) ("Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is ... the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment"). California courts define "the scope of employment" to essentially consist of the "normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987) ("[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability."); *see also Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352 (1993) ("Emotional distress caused by misconduct in employment relations involving, for example, promotions, demotions, criticism of work practices, [or] negotiations as to grievances, is a normal part of the employment environment. A cause of action for such a claim is barred by the exclusive remedy provisions of the workers' compensation law"), *disapproved of on other grounds*, *Richards v. CH2M Hill, Inc.*, 26 Cal.4th 798, 802 (2001). This concept is referred to as the "exclusivity rule." *Accardi*, 17 Cal. App. 4th at 352.

However, courts have recognized an exception to "exclusivity rule . . . where the distress is engendered by an employer's illegal discriminatory practices." *Accardi*, 17 Cal. App. 4th at 352–53; *see also id.* at 347 ("Discrimination in employment is not a normal incident of employment."); *Light v. California Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017) ("[W]e are unwilling to abandon the longstanding view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on such discrimination and retaliation are not subject to workers' compensation

exclusivity"); *Fretland v. County of Humboldt*, 69 Cal. App. 4th 1478, 1492 (1999) ("[W]ork-related injury discrimination is not a normal risk of the compensation bargain . . . . Thus, [Plaintiff's] emotional distress claims are not barred by the exclusivity rule to the extent they seek emotional distress damages for the alleged work-related injury discrimination.").

Here, the conduct forming the basis of Veliz's intentional infliction of emotional distress claim were the Individual Defendants': (1) statements that "[Veliz]'s leave of absence was unexcused when they had been in communication with [Veliz] regarding his medical condition"; (2) decision "to conduct a farce investigation into [Veliz]'s alleged wrongdoing; (3) "omi[ssion] [of] critical facts from Defendants' investigative report"; and (4) decision to "terminate [Veliz] for the alleged [] incident that occurred six (6) months prior . . . ." Compl. ¶¶ 97–98. Veliz alleges that the Individual Defendants acted in retaliation for him missing work due to his medical condition. *Id.* ¶ 97 ("Specifically, Defendants Mr. Delgadillo and Ms. Acosta knew of [Veliz]'s medical condition and need for a reasonable accommodation. Mr. Delgadillo and Ms. Acosta retaliated against [Veliz] . . . ."). Because this claim is based on allegations of disability discrimination, there is a possibility that the workers' compensation exclusivity provisions do not bar Veliz's claim against the Individual Defendants. Indeed, the Court finds the mere "possibility" that Veliz may state a cause of action against the Individual Defendants sufficient, given that Veliz could supplement additional factual allegations of discrimination by amendment to his Complaint. *Grancare*, 889 F.3d at 549; *see also Freeman*, 219 Cal. at 216.

    ii. <u>AT&T Has Not Demonstrated That Veliz Cannot State a Colorable Claim for Intentional Infliction of Emotional Distress</u>

Having found that Veliz's claim is not barred by the Worker's Compensation Act, the Court shall consider whether AT&T has demonstrated by clear and convincing evidence that Veliz cannot state a colorable claim against the Individual Defendants for intentional infliction of emotional distress.

A cause of action for intentional infliction of emotional distress exists when there is: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme

emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal quotations omitted). For conduct to be deemed "outrageous," it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen v. Sup. Ct.*, 54 Cal.3d 868, 903 (1991).

In the employment context, "[a] simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996). Personnel management activity includes "actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, [and] deciding who will be laid off." *Id.* at 64–65.

The Individual Defendants' alleged conduct—as currently described in the Complaint—is not so extreme and outrageous as to offend the bounds of civilized society. While the Court acknowledges that the Individual Defendants' decision to terminate Veliz may have been based on "improper motivation," the current factual allegations fail to demonstrate extreme and outrageous conduct. *Janken*, 46 Cal. App. 4th at 80.

However, these shortcomings do not necessarily preclude Veliz from maintaining his cause of action against the Individual Defendants. *See, e.g.*, *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM, 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) ("[I]n other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared 'relatively weak.'"); *De Peralta v. Fox Rest. Concepts, LLC*, No. CV 17–7740 PSG (PLAx), 2018 WL 748287, at *5 (C.D. Cal. Feb. 6, 2018) ("Ultimately, the shortcomings of Plaintiff's allegations do not necessarily mean that his IIED claim is fanciful and that therefore [individual Defendant] was fraudulently joined."). It is AT&T's burden—and not Veliz's—to show by "clear and convincing evidence" that Veliz does not have a colorable claim. *Hamilton Materials Inc.,* 494 F.3d at 1206. The Court finds that AT&T has failed to proffer any additional facts in its

Notice of Removal and Opposition that could conceivably eliminate the possibility of Veliz prevailing on his cause of action. While the Complaint currently fails to sufficiently plead extreme and outrageous conduct, these defects are not "beyond correction by amendment." *Freeman*, 219 Cal. at 216.

For these reasons, the Court finds that the Individual Defendants are not fraudulently joined. Accordingly, because the Individual Defendants and Veliz share California citizenship, complete diversity does not exist, and the Court cannot exercise subject matter jurisdiction over this action.

V. **Conclusion**

In light of the foregoing, the Court hereby GRANTS the Motion to Remand.

IT IS SO ORDERED.

Dated: May 27, 2022

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge